Washburn, J.
brought.by The Cleveland Railway Company to reverse a judgment rendered in the common pleas court against it and in favor of Eva M. Hill, defendant in error.
The claim of Mrs. Hill in the court below was that she boarded a car of the, company and became a passenger, but, noticing that her companion had failed to board the car, she made known that fact to the conductor, who opened the door for her to alight, and, while she was in the act of alighting, the conductor caused the car to start forward, thereby throwing her to the pavement and injuring her. She claimed that she was not given a reasonable time and opportunity to alight in safety.
The company answered, admitting its corporate existence and its ownership and operation of the street railway, and denying all the other allegations of the petition.
*127 The company did not plead contributory negligence or set forth its claim of how the accident happened.
At the trial there was a sharp conflict in the evidence as to whether the car started while Mrs. Hill was alighting, or whether it was moving when she started to get off and she therefore voluntarily got off while it was in motion.
It is established that the car was standing on an incline, and that it started forward, but stopped after going somewhere between three and ten feet, and it is apparent that if it was moving when she started to alight it was moving very slowly. It was a side entrance car and the step was near the pavement, and the situation and circumstances were such that a person exercising ordinary care in doing so could step off without very great danger of being injured. The circumstances were such that the mere fact that the car was moving when she started to alight, if that was the fact, would not constitute her act of stepping off an act of negligence as a matter of law. Ashtabula Rapid Transit Co. v. Holmes, 67 Ohio St., 153.
There was evidence that she stepped off backwards and in other particulars did not exercise ordinary care in alighting, and the evidence raised the issue of her contributory negligence, but no claim is made in brief or argument that the court did not properly charge the law on the subject of contributory negligence in instructions before argument,’ and in the general charge. It is, however, claimed that the court committed error in refusing to instruct the jury before argument as follows:
*128 “8. If you find from the evidence that the plaintiff boarded the car just as it started, or as it was in motion, and thereafter voluntarily left it by stepping from it while in motion, and fell, she can not recover and your verdict must be for the defendant.”
“15. If you find from a preponderance of the evidence that the plaintiff got aboard the car, and after reaching the first step suddenly changed her mind and attempted to alight therefrom while the same was in motion, she can not recover and your verdict should be for the defendant.”
If these requests properly stated the law, and were not covered by other instructions given before argument at the request of the company, it was error not to have given them, and such error could not be cured by properly charging the law in the general charge.
It is likewise settled that if the requests were in any respect incorrect, it was not error to refuse them. It will be noticed that none of the circumstances bearing on the manner of her alighting or her care or lack of care in alighting were embodied in the requests except the mere fact that the car was moving and that her act was voluntary.
As we understand the law, it is not negligence as a matter of law under all circumstances to alight from a moving street car. That question is for the jury to determine after a consideration of all the circumstances. We hold that the requests were properly refused because they made the mere voluntary stepping from the car while in motion conclusive of her right to recover.
*129 It is also urged that the court erred in refusing to give the following instruction before argument:
“7. The plaintiff is entitled to recover upon the allegations of the petition; and if you find that she fell from the car under circumstances different from the allegations of the petition, she can not recover and your verdict should be for the defendant.”
A sufficient reason why this request was properly refused is because it is entirely too broad and general.
Under it, if plaintiff failed to prove one slight circumstance in connection with her fall from the car just as she had alleged it in her petition, she would be turned out of court.
That is an entirely too technical view of the law. Many circumstances were alleged, and some were important and essential, and failure of proof in some unimportant particular would not be fatal, as a matter of law, to her right of recovery.
It is further claimed that there was error in the court’s refusal to give instruction No. 14 before argument, which was as follows:
“14. Unless you find from a preponderance of the evidence that the car was standing still when the plaintiff attempted to alight therefrom, and was thereafter suddenly moved forward, causing her to be thrown, she can not recover in this action and your verdict should be for the defendant.”
It is claimed that thé plaintiff, having alleged, that the car was standing when she attempted to get off, and that it started just as she was stepping from the car, must prove such allegation, or fail in her action, because she is confined to the allegations *130 of Her petition for a recovery. This contention, in effect, makes her case depend upon one allegation. Was that allegation the all-important' and controlling question in the case?
The plaintiff alleged that the car was standing still when she got on, and the record sustains that allegation. She also alleged that the car was moving at the instant she left the car, and that is not disputed. It therefore started after she got on, and before she got off. The record establishes that she got off almost immediately after she got on. When she landed on the pavement the car at most had gone a very short distance, and her acts of boarding the car and alighting from the car were very closely connected in point of time. The door of the car was necessarily open when she got on and also open when she got off. It is true that she alleged that the car started just as she was stepping from the car, but that is not the only allegation in the petition.
The petition also alleged that the defendant, by its agents and servants, so carelessly and improperly managed and controlled said car that the plaintiff was not allowed the proper and reasonable time, attention and opportunity to safely alight therefrom, and that by reason of such carelessness and negligence the plaintiff, without fault on her part, was thrown to the pavement and injured.
In the light of these circumstances it seems to us that the case could not be properly narrowed down to and made to turn upon the exact instant the car started. The plaintiff charged improper management and control of the car, and that she was not allowed proper and reasonable time and opportun *131 ity to safely alight; the starting of the car at a particular time was one of the items or acts of negligence which the plaintiff claimed prevented her from having a proper and reasonable time and opportunity to safely alight, an important act or item to be sure, but not the only one, nor necessarily the controlling one; it was, therefore, not error not to charge that if she failed to establish the exact time ,of the starting of the car just as she had alleged she could not recover.
It is true that the issues of a case are defined by 'and confined to the pleadings, but the plaintiff is not confined to one issue or one act of claimed negligence. The whole transaction was set forth. Other circumstances were alleged, such as that the conductor opened the door for her to alight and ordered her to get off, and it was charged that when all the circumstances were considered the company was guilty of negligent conduct in failing to allow Mrs. Hill proper and reasonable time and opportunity to safely alight from .one of its cars, and that she was thereby injured.
When these requests to charge before argument were refused, the court, at the request of the railway company, gave the following instructions, among others, to-wit:
“3. Negligence is never presumed, and in this case before the plaintiff is entitled to recover she must establish negligence by a preponderance of the evidence, and if she has failed to do so, your verdict must be for the defendant.
“4. Before the plaintiff can recover in this action, she must have established by a preponderance of the evidence three things: first, that the de *132 fendant company was negligent in some one or more of the particulars charged in the petition, and which the court has submitted to you; and, second, that such negligence was the direct and proximate cause of her injury; and, third, that her present condition as established by the proof, is the proximate result of that injury — for unless you find there is a direct connection between the injury and the condition, she can not recover for that condition.”
“10. If you find from a preponderance of the evidence that the defendant was negligent, and you further find from a preponderance of the evidence that the plaintiff herself was negligent, or you find from the plaintiff’s own testimony an inference of negligence which she has failed to remove, and you further find that the negligence of each was concurrent with the negligence of the other and acted together in producing the accident, there can be no recovery by the plaintiff in this case, and your verdict should be for the defendant.
“11. If the plaintiff by a preponderance of the evidence has established that the defendant was negligent in some one or more of the particulars charged in the petition and submitted to you by the court, and she has further established by a preponderance of the evidence that the same was the direct and proximate cause of her injury, nevertheless, if from her own evidence an inference of her own negligence causing or directly contributing to cause her injury has arisen, and she has failed to remove that inference, she can not recover, and your verdict should be for the defendant.
*133 “12. No matter how negligent the defendant may be proved to have been, if from all the evidence there is a preponderance of proof showing that the plaintiff herself was negligent, no matter how slight, and that such negligence on her part caused or directly contributed to cause her injury, she can not recover and your verdict should be for the defendant.”
For the reasons indicated we hold that under all the circumstances disclosed by the record it was not error to refuse said requests 7, 8, 14 and 15.
■We can not say that the judgment is manifestly against the weight of the evidence, or that it is excessive.

Judgment affirmed.

Dunlap, P. J., and Vickery, J., concur.